[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF F. SCOTT GRAY, M.D.
In the above-captioned case, the plaintiff physicians assert that the defendant Anthem Health Plans, Inc. ("Anthem") has breached its agreements with them in various ways, including, inter alia, failing to pay them for services in timely fashion, arbitrarily denying payment for services, failing to maintain adequate administrative services, and failing to communicate its procedures adequately.
On October 24, 2000, Anthem served plaintiff F.Scott Gray with interrogatories and requests to produce documents. Dr. Gray responded on February 26, 2001, and he filed supplemental responses on May 11, 2001. Dr. Gray filed no objection to any of the discovery requests. Anthem complains that the responses are incomplete and seeks an order compelling Dr. Gray to comply. The specific claims of noncompliance are set forth and ruled upon below.
1. Failure to identify persons with knowledge of claims
Many of Anthem's interrogatories, specifically, subparts (b) of 1-21 and 25, asked this plaintiff to identify all persons with knowledge of particular claims made in the complaint. Dr. Gray identified one such person, his office manager. In his November 18, 2002, response to the motion to compel, he identified twelve additional such persons. Presumably, he intends to supplement in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
The court has no way of determining that this plaintiff has failed to include all persons with knowledge of the facts at issue. If indeed there are additional such persons known to him, Dr. Gray takes the very real risk that he will be barred from presenting such additional witnesses at trial. The defendant is entitled to conduct discovery, include CT Page 912 depositions, in an orderly fashion rather than on the eve of trial. Any supplementation of Dr. Gray' response to these questions must be filed in proper form by May 1, 2003.
2. Response of "Unable to Answer at This Time"
Dr. Gray has responded to interrogatory 12, which seeks facts supporting this plaintiff's allegation that Anthem "arbitrarily and capriciously amended the (provider) Agreement on various dates . . ." by stating "unable to answer at this time." Anthem complains that this statement is unresponsive; Dr. Gray counters that he cannot answer what he does not know. While a party may deny knowledge of a subject into which an opponent inquires, encountering the risk that lack of facts to support a claim will lead to the defeat of the claim, Dr. Gray has phrased his answer in a manner that suggests that he may acquire and reveal facts at some other time.
While Dr. Gray cannot be compelled to provide information he has sworn that he does not have, he may not ambush his opponent by acquiring the information at a later time. Accordingly, the court orders that any supplementation of the response shall be made not later than May 1, 2003.
3. Response by Reference to Documents and Deposition Transcript
Anthem complains that Dr. Gray has responded to Interrogatories 1-7
(a), (c) — (d), 8-9 (a), (c) — (e), 10(a) — (d), 11(a), (c) — (e), 13(a) — (d), 14(a) — (e), 15(a) — (d), 16(a), (c), (d), 17(a), (c) — (f), 18-19
(a), (c) — (e), 21(a), (c) — (e), 22-26, and requests for production 1-9, 11, 14, 17, 19, and 21-24 by stating only "See documents identified as Defendant's Exhibits 125-140 in the deposition of Ronald Ripps, M.D. that took place on January 18, 2001. In addition, see documents identified as Defendant's Exhibits 141-158 in the depositions of F. Scott Gray, M.D. that took place on February 12, 2001."
While a response may take the form of a reference to a document, the specific portions of the document where the information sought actually appears must be identified with particularity. The court finds that responses that refer to a multitude of documents or to an entire deposition that covers topics not confined to the single topic of the interrogatory are unresponsive. The plaintiff is ordered to provide a specific narrative response setting forth the information sought no later than May 1, 2003.
In his brief in opposition to the motion to compel, Dr. Gray purports CT Page 913 to disclose additional documents marked as exhibits at his deposition. He must instad supplement his answer under oath in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
4. Lack of Response to Certain Interrogatories
Anthem complains that Dr. Gray has simply failed to provide any response at all to Interrogatories 8(e), 18(e) and 21(e). Pursuant to P.B. § 13-7, a party to whom interrogatories are directed and who files no timely objection to those interrogatories, must respond under oath to each interrogatory. In his brief in opposition to the motion to compel, Dr.Gray states that he incorporates by reference the answers to questions 8e, 18e, and 21e in response to Connecticut Family Orthopedics, P.C. interrogatories."
Presumably, Dr Gray intends to supplement his answer under oath in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules Since Dr Gray has not yet actually filed a response with the same content as the responses he refers to in his brief, this court has no occasion to rule on the adequacy of such responses but cautions Dr. Gray to heed the court's ruling on those answers with regard to Anthem's motion to compel directed to Connecticut Family Orthopedics, P.C.
Dr. Gray shall, no later than May 13, 2003, file a supplemental signed response under oath to these three interrogatories.
5. Responses that documents are "Not Applicable"
Anthem complains that Dr. Gray has responded to requests for production 10, 12, 13, 15, 16 and 20 with "N/A," which Dr. Gray confirms in his brief in opposition to the motion to compel is meant to convey the phrase "not applicable. If Dr. Gray means by "not applicable" that he does not make the claim to which each of these requests for production is directed, he must say so unambiguously. If he means that he does not have any such documents, he must say that unambiguously. His present answers are ambiguous and unresponsive. Dr. Gray shall provide clear responses and produce any responsive documents in his possession, custody or control no later than May 13, 2003, and he shall do so under oath in the form required by P.B. §§ 13-7 and 13-10.
6. Failure to Provide all Responsive Documents
Anthem complains that Dr. Gray has responded to interrogatories 1(c), 4-7
CT Page 914 (c), 9(c), 10(c) and requests for production 1-4, 8 and 14, which relate to the plaintiffs claim that Anthem did not make timely and appropriate payments for the services plaintiff rendered and his claim that Anthem failed to maintain adequate records concerning payments, by producing some documents but not all of the documents that Anthem surmises he possesses with regard to these claims.
Anthem has not identified any documents that it knows are in this plaintiffs possession, custody or control that he has failed to produce. If in fact Dr. Gray has withheld responsive documents, he faces the probable outcome that he will be unable to present such documents in evidence at trial. This court does not, however, have any basis for concluding that this plaintiff has withheld responsive documents.
Conclusion
The court finds that Dr. Gray has failed to comply with Anthem's discovery in the respects identified above and grants the motion to the extent set forth above. Compliance shall be made no later than May 1, 2003.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 915